UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0333-B-1 |
| | § | |
| JOSE DE JESUS GALICIA-FUENTES, | § | |
| *BOP Reg. No. 48349-177*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jose De Jesus Galicia-Fuentes ("Galicia-Fuentes")'s Motion to Reduce Sentence Per 18 U.S.C. § 3582(c)(2) (Doc. 58). For the reasons below, the Court **DENIES** the motion.

### I.

### BACKGROUND

After Galicia-Fuentes pleaded guilty to one count of receipt of child pornography, the Court sentenced him to 188 months of imprisonment and five years of supervised release. Doc. 52, J., 1–3. Galicia-Fuentes, who is now sixty-six years old, is serving his sentence at Federal Detention Center Honolulu, Hawaii ("FDC Honolulu"). His scheduled release date is November 14, 2027.[1] On April 26, 2022, Galicia-Fuentes filed the pending motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Doc. 58, Mot. The Court reviews the motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed June 1, 2022). The Court notes, however, that Galicia-Fuentes states in his motion that he is scheduled to be released in March 2030. *See* Doc. 58, Mot., 1.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) , . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement applicable to § 3582(c)(2) sentence reductions, U.S.S.G. § 1B1.10, provides that the authority conferred by § 3582(c)(2) extends only to sentences affected by certain amendments to the sentencing guidelines. *See* U.S.S.G. § 1B1.10(a)(2)(A), (d). Specifically, unless the defendant's guideline range would have been affected by an amendment listed in § 1B1.10(d), the court lacks authority to reduce the defendant's term of imprisonment under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(A).

## III.

## ANALYSIS

Galicia-Fuentes appears to argue that his sentence should be reduced under § 3582(c)(2) because he, as a deportable alien, is ineligible for many benefits that are offered to similarly situated U.S. citizens. *See* Doc. 58, Mot., 2. In particular Galicia-Fuentes contends that, due to status, he is ineligible: (1) to receive time credits under the First Step Act; (2) eligibility to be placed on home confinement; (3) for sentence reductions and halfway house placements under the Residential Drug Abuse Program; (4) for halfway house placement generally; (5) to be designated to a facility 500 miles from his release address; and (6) for home confinement generally and through the Elderly

Offender Act. *Id.* However compelling, none of these complained-of circumstances confers the Court authority to reduce Galicia-Fuentes's sentence under § 3582(c)(2). And because Galicia-Fuentes has not otherwise identified a qualified amendment to the sentencing guidelines under which his applicable guideline range has been lowered, the Court lacks authority to grant his requested sentence reduction under § 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(A). Accordingly, the motion is **DENIED**.

### IV.

### CONCLUSION

For the above reasons, Galicia-Fuentes's motion (Doc. 58) is **DENIED**.

**SO ORDERED.**

**SIGNED: June 1, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE